Eugene McCARTHY, et al.,

v.

**WOLFEBORO RESTAURANT SERVICES, INC., William R. Seley, Charles P. Comerford, Jeffrey Reed, Robert C. Varney, Bryce Blynn, III, Edward J. McClear.**

Civ. A. No. 90–10600–T.

United States District Court,
D. Massachusetts.

Nov. 16, 1990.

James L. Ackerman, John A. Cogan, Jr., Day, Berry & Howard, Boston, Mass., for defendants.

Edward Notis–McConarty, Marsha Zierk, Hemenway & Barnes, Boston, Mass., for plaintiffs.

### ORDER ON PLAINTIFFS' MOTION FOR EXPENSES FOR SERVICE OF PROCESS (# 56)

ROBERT B. COLLINGS, United States Magistrate.

Rule 4(c)(2)(D), Fed.R.Civ.P., provides:

Unless good cause is shown for not doing so the court shall order the payment of costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgement of receipt of summons.

In the instant case, defendants Comerford, Varney, Blynn and McClear did not "... complete and return within 20 days after mailing, the notice and acknowledgement of receipt of summons." The plaintiffs therefore have moved for an award of "costs" which includes a request for payment by the four defendants of $209.65 in "costs" and $688.00 in attorney's fees. The defendants acknowledge that they must pay the $209.65 in "costs" but claim that Rule 4(c)(2)(D), Fed.R.Civ.P., does not authorize an award of attorney's fees.

After hearing, it is ORDERED that Plaintiffs' Motion For Expenses For Service of Process (# 63) be, and the same hereby is, ALLOWED as to costs but DENIED as to attorney's fees. I find no support for the proposition that the use of the word "costs" in Rule 4(c)(2)(D), Fed.R. Civ.P., includes an award of attorney's fees. I acknowledge that a provision allowing for the recovery of attorney's fees under Rule 4(c)(2)(D), Fed.R.Civ.P., may have much to recommend it. *See* 116 F.R.D. 169, 178. However, the Federal Rules of Civil Procedure are quite uniform in always following the word "expenses" or the word "costs" with the phrase "including attorney's fees" whenever the drafters intended that attorney's fees be recoverable. *See* e.g. Rules 11, 16(f), 26(g), 30(g), 37(a)(4), 37(b), 37(c), 37(d), Fed.R.Civ.P. Since the phrase "including attorney's fees" or some such similar phrase is not included after the word "costs" in Rule 4(c)(2)(D), Fed.R. Civ.P., the inference that the drafters did not intend to allow a recovery of attorney's fees under that provision is compelling.

Accordingly, the defendants Varney, Comerford, Blynn and McClear are ORDERED, pursuant to Rule 4(c)(2)(D), Fed. R.Civ.P., to pay to counsel for the plaintiffs, *on or before the close of business on*

*Friday, November 30, 1990,* the sum of $209.65.